**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| | ) | Case No. 1:21-cr-143 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| | ) | Magistrate Judge Lee |
| SYLVESTER PRYOR | ) | |
| | ) | |

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On March 6, 2023, Magistrate Judge Susan K. Lee issued a Report and Recommendation ("R&R") recommending that Defendant Sylvester Pryor's Motion to Suppress [Doc. 27] be denied. [Doc. 40]. Defendant requested additional time to file objections to the R&R [Doc. 41], and this Court granted that request. [Doc. 42]. Defendant, through counsel, filed objections to the R&R on April 4, 2023. [Doc. 44]. The United States responded to Defendant's objections on April 18, 2023. [Doc. 45].

For the reasons explained below, Defendant's objections to the R&R are **OVERRULED**. Further, the R&R [Doc. 40] is **APPROVED** and **ADOPTED** as the opinion of the Court. Defendant's Motion to Suppress [Doc. 27] is **DENIED**.

## I.      STANDARD

This Court is required to perform *de novo* review of any objections to an R&R. 28 U.S.C. § 636(b); *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) ("It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress."). The Court can accept, modify, or reject the findings or

1

recommendations – in whole or in part. *United States v. Robinson*, 2007 WL 2139635, at *1 (E.D. Tenn. July 23, 2007).

Defendant acknowledges that Tenn. Code Ann. § 55-9-406(a) requires headlights be on at the time of night this incident occurred. [Doc. 44 at 1]. That is, Defendant concedes that if his headlights were indeed not on at all times pertinent, a traffic violation occurred and probable cause for the traffic stop existed. [*See id.*]. Thus, the Court only looks to the specific objections outlined by Defendant which pertain to the finding that no Fourth Amendment violation occurred because Defendant's car lights were not on at all times pertinent. [Doc. 40].

## II.    Defendant's Objections to R&R

The Court identifies Defendant's overarching objection as one concerning Magistrate Judge Lee's findings of fact and determination(s) of credibility. Specifically, Defendant objects to the finding that there was no Fourth Amendment violation when his vehicle was stopped on March 28, 2021. [Doc. 44 at 1]. Defendant claims the video evidence shows his headlights were on before the traffic stop was initiated [*Id.* at 3-5] and questions Officer Cronon's ability to see whether the headlights were off at key times [*Id.* at 1-2]. Defendant makes several distinct arguments: (1) that Officer Cronon was too far from Defendant's car on Amnicola Highway to observe whether the headlights were on; (2) that Officer Cronon's cruiser video shows Defendant's lights were on at the stoplight; and (3) that Officer Cronon's Body Camera Video shows the headlights were on after Defendant had pulled over. The Court explores each of these arguments below.

### A.    Officer Cronon's Distance from Defendant's Car

Defendant argues that Cronon's distance from Defendant's Yukon as she pulled out of the gas station and pursued him on Amnicola Highway prevented her from adequately seeing whether Defendant's headlights were on. Officer Cronon testified that, while the video does not show the car the entire time, she was able to see the car at all times other than a one-second period of time.

2

[Doc. 43 at 22-23]. Officer Cronon claims the headlights were not on at all times necessary, particularly as he left the parking lot and continued on Amnicola Highway. [*Id.* at 22]. Judge Lee determined that Officer Cronon's testimony was "fully credible and supports the stop." [Doc. 40 at 7].

The Court may modify, reject, or accept the findings and recommendations from a magistrate judge. 28 U.S.C. § 636(b)(1)(C). That said, it remains "unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal . . . ." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). After reviewing the record and transcript of the suppression hearing, it is clear that Judge Lee's determination on Officer Cronon's credibility was sound. Officer Cronon unequivocally states that she witnessed Defendant's car without headlights as it pulled out of the gas station and driving on Amnicola Highway. [Doc. 43 at 21-23]. Cronon's recollection of events did not change after facing substantial cross-examination. As Judge Lee explained, "Cronon's testimony remained plausible and internally consistent, and is not contradicted by extrinsic evidence such as the recorded footage []." [Doc. 40 at 7]. The Court concurs.

Not only does Officer Cronon's testimony support the Government's assertion that Defendant's headlights were off, but Defendant's own statements at the time of the traffic stop do as well. Defendant did not deny that he had driven without headlights at the time of the stop but rather tried to explain *why* his headlights were off. [*See* Doc. 43 at 17-18; Gov't Ex. 4 at 3:10-3:17].

Further, upon independent review of Officer Cronon's dashboard camera, it appears to support Officer Cronon's recollection of events. That is, the video supports the assertion that Defendant was driving without headlights. In the first Cronon dashboard video, Defendant's car

3

appears to be visible for a period of about ten seconds with no headlights or taillights visible. [Gov't Ex. 1 at 0:38-0:48]. The outline of the car is seen via reflection of the numerous streetlights. [*See id.*]. When approaching the intersection, the Yukon's taillights and/or brake lights then illuminate. [*Id.* at 0:48-0:49].

### B.      Officer Cronon's Cruiser Video from Traffic Light

Defendant claims that the two videos from Officer Cronon's cruiser show the back of the vehicle immediately in front of Defendant's is illuminated. [Doc. 44 at 2-3]. Defendant then claims the beginning of the second video shows the back of the vehicle directly in front of Defendant's is illuminated and the light must have been emitted by Defendant's vehicle. [*Id.* at 3]. Upon independent review of the evidence, the Court disagrees.

The vehicle directly in front of Defendant's is illuminated by some source of light, but it is not clear that it is from Defendant's headlights. Areas in the intersection in which seemingly no car is present are illuminated from numerous streetlights visible in the video. It is certainly plausible that the reflection seen on the vehicle in front of Defendant's is reflecting the streetlight(s) located behind the vehicles at the intersection. [*See* Gov't Ex. 1 at 1:00-1:10].

Furthermore, the second video from Officer Cronon's cruiser appears to show the moment in which Defendant's headlights turned on. Though slight, there is a moment of increased illumination beside Defendant's front-right tire and on the two cars turning ahead of Defendant as he begins to drive. [Gov't Ex. 2 at 0:03-0:04]. The Court sees this increased illumination as further evidence that Defendant's headlights were not on at all times necessary for that time of night. *See* T.C.A. § 55-9-406(a).

### C.      Officer Cronon's Body Camera Video When Defendant Pulled Over

Defendant notes that Officer Cronon's body camera shows that Defendant's headlights were on at the time he was stopped. [Doc. 44 at 4]. Both Officer Cronon and the video evidence

4

demonstrate that Defendant's headlights were on—at least for a period of time—after he pulled over. Judge Lee found as much. [*See* Doc. 40 at 3, 6 (finding that "after the car was stopped, Defendant demonstrated that his headlights worked" and that she "agree[s] that there are times in the footage that clearly show Defendant's headlights were operational and turned on.")]. That Defendant's headlights were indeed on after he was pulled over is not determinative in this matter. Rather, the Government has met its burden in showing that Defendant's headlights were not on at all times pertinent *before* he was pulled over.

## III.  Conclusion

The Government has carried its burden in demonstrating probable cause for the traffic stop and, therefore, the Court finds the stop was constitutional. Defendant Pryor's Objections to the R&R [Doc. 44] are **OVERRULED**. Judge Lee's R&R [Doc. 40] is **APPROVED** and **ADOPTED** and Defendant's Motion to Suppress [Doc. 27] is **DENIED**.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**